1  Yasser M. El-Gamal (State Bar No. 189,047)
   *YElGamal@manatt.com*
2  Charles A. Kertell (State Bar No. 181,214)
   *CKertell@manatt.com*
3  MANATT, PHELPS & PHILLIPS, LLP
   695 Town Center Drive, 14th Floor
4  Costa Mesa, CA  92626
   Telephone:  (714) 371-2500
5  Facsimile:  (714) 338-2771

6  Ehab M. Samuel (State Bar No. 228,296)
   *ESamuel@manatt.com*
7  MANATT, PHELPS & PHILLIPS, LLP
   11355 W. Olympic Blvd.
8  Los Angeles, CA 90064
   Telephone:  (310) 312-4000
9  Facsimile:  (310) 312-4224

10 Attorneys for Plaintiff
   Incipio Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Incipio Technologies, Inc., a California Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>Aplars, LLC, a Minnesota Limited Liability Company, and Does 1-10, inclusive,<br><br>    Defendants. | Case No. 8:15-cv-00277<br><br>COMPLAINT FOR:<br><br>(1) COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 101 ET SEQ; AND<br><br>(2) PATENT INFRINGEMENT PURSUANT TO 35 U.S.C. § 271 ET SEQ. |

Plaintiff Incipio Technologies, Inc. ("Incipio"), brings this action against Defendants Aplars, LLC ("Aplars") and Does 1-10 for injunctive relief and damages under the copyright and patent laws of the United States as follows.

//

## SUMMARY OF ACTION

1. Incipio owns the copyright in the sculptural ornamentation affixed to, and a patent in the design of, the protective case for a cellular telephone. Defendants have, without Incipio's consent, copied that patented design and copyrighted sculptural ornamentation in protective cases for cellular telephones they are selling throughout the United States, including in the Central District of California. Defendants' actions violate Incipio's copyright and patent rights, and Incipio seeks an injunction to stop Defendants from engaging in this wrongful conduct and monetary damages for the harm its actions have caused.

## PARTIES

2. Plaintiff Incipio is a corporation organized under the laws of the state of California, which has its principal place of business at 6001 Oak Canyon, Irvine, CA 92618, in the Central District of California. Incipio is an award winning designer of mobile device accessories and technologies that are sold in tens of thousands of retail locations worldwide. Over the last 15 years, Incipio has grown from a small one-man shop in Southern California to an industry leader with hundreds of employees that are focused on providing innovative and beautifully designed and built products.

3. Defendant Aplars is a limited liability company organized under the laws of the state of Minnesota and which has its principal place of business at 2885 County Dr. Suite #175, Little Canada, MN 55117, but which does business throughout the United States, including in the Central District of California.

4. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown at this time. Incipio is informed and believes that they do business in the Central District of California. This complaint will be amended appropriately when their true names and capacities are ascertained.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

COMPLAINT FOR COPYRIGHT AND
PATENT INFRINGEMENT

5. Upon information and belief, Incipio alleges that each of such fictitiously named Defendants is responsible in some manner for the occurrences alleged herein.

6. Aplars and Does 1-10, inclusive, are hereafter referred to collectively as "Defendants."

7. Defendants, and each of them, are individuals and businesses who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

## JURISDICTION AND VENUE

8. This is a civil action arising out of the copyright and patent laws of the United States. This court has federal jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331-1332 and 28 U.S.C. §1338(a), and 35 U.S.C. §§ 271 and 281. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## GENERAL BACKGROUND

9. Incipio designs and sells, inter alia, protective cases for cellular telephones. In 2012 Incipio created and designed a protective case for a cellular telephone that bears original and distinctive sculptural ornamentation. Incipio applied for, and was granted, a copyright registration for its sculptural design associated with its protective case. True copies of that Copyright Registration No. VA 1-834-876, and images of the copyrighted sculptural design so registered, are attached as Exhibit A. The effective date of Copyright Registration No. VA 1-834-876 is October 23, 2012.

10. In September 2012, Incipio also applied for, and was granted, a design patent for its protective case. A true copy of that Design Patent No. US D717,778 S is attached as Exhibit B.

11. Incipio has provided notice of its patent rights pursuant to 35 U.S.C. § 287.

## DEFENDANTS' UNLAWFUL CONDUCT

12. In about January 2015, Incipio discovered that Defendants have been and are selling throughout the United States, including in the Central District of California, protective cases for cellular telephones that copy the patented design and copyrighted sculptural ornamentation used on Incipio's protective cases for cellular telephones. True copies of exemplars of Defendants' cases are attached as Exhibit C. Defendants' cases infringe Incipio's intellectual property rights in Copyright Registration No. VA 1-834-876 and Design Patent No. US D717,778 S.

13. Incipio has never granted Defendants any rights to copy or use Incipio's copyrighted sculptural ornamentation or patented design in connection with protective cases for cellular telephones, or at all.

14. Incipio has demanded that Defendants cease and desist their infringing conduct and have repeatedly asked for an accounting of infringing sales. Defendants have not complied with Incipio's demands, and continue to infringe its rights as described above and below.

15. Defendants' conduct constitutes copyright and patent infringement and causes Incipio to suffer irreparable injuries as described above and below, including injury to the value of its copyrighted work and patented design, for which it has no adequate remedy at law.

## CLAIM FOR RELIEF
(Copyright Infringement)

16. Incipio realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 15 above.

17. By reason of the foregoing, Incipio asserts a claim against Defendants for injunctive and monetary relief, including actual damages, Defendants profits, and/or statutory damages, together with costs and attorneys' fees pursuant to 17 U.S.C. § 502-505 for Defendants' infringement of its copyright.

//

## CLAIM FOR RELIEF
(Patent Infringement)

18. Incipio realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 15 above.

19. Defendants have infringed and are still infringing Incipio's Design Patent No. US D717,778 S by importing, selling, offering for sale, and possibly also making and using protective cases for cellular telephones that embody Incipio's patented design, and Defendants will continue to do so unless enjoined by this Court.

20. Incipio has given Defendants written notice of the infringement. Defendants' acts constitute willful and intentional infringement, undertaken with reckless disregard for Incipio's patent rights.

21. As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Incipio. Further, Defendants' actions have caused Incipio to suffer great and irreparable injury, for which it has no adequate remedy at law.

22. By reason of the foregoing, Incipio is entitled to its actual damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284, to Defendants' total profits from the sale of products that infringe Incipio's patent rights pursuant to 25 U.S.C. § 289, and to its reasonable attorneys' fees and costs incurred in bringing this claim pursuant to 35 U.S.C. § 285.

//
//
//
//
//

# **PRAYER**

Incipio requests judgment in its favor and against Defendants as follows:

A. Adjudging Defendants to have willfully infringed Incipio's Copyright Registration No. VA 1-834-876 and Design Patent No. US D717,778 S;

B. Preliminarily and permanently enjoining Defendants and all those in active concert or participation with them from infringing or assisting any other person or entity in infringing Incipio's rights in its copyrighted work and patented design as set forth herein;

C. Preliminarily and permanently enjoining Defendants and all persons acting in active concert or participation with them from using, duplicating, manufacturing, adapting, modifying, changing, distributing, selling, reselling, reproducing, colorably imitating or copying, or otherwise using protective cases for cellular telephones that embody Incipio's copyrighted sculptural ornamentation or patented invention, or any work or design substantially similar thereto;

D. Awarding Incipio, at its election, either actual damages and Defendants' profits or statutory damages against Defendants, jointly and severally, for said Defendants' acts of copyright infringement pursuant to 17 U.S.C. §§ 504 and 505;

E. Ordering Defendants and all persons in active participation with them to turn over to Plaintiff for destruction all infringing works in their possession, custody or control pursuant to 17 U.S.C. § 503;

F. Awarding Incipio for Defendant's acts of patent infringement all of Incipio's actual damages, treble damages, together with interest and costs as fixed by the Court, Defendants' total profits from the sale of products that infringe Incipio's patent rights, and Incipio's attorneys' fees and costs incurred in bringing this claim pursuant to 35 U.S.C. §§ 284, 285 and 289;

G. Awarding Incipio its allowable costs; and

1  H. Awarding Incipio such other and further relief as the court
2  deems just and proper.

3  Dated: February 17, 2015              Respectfully submitted by:

4                                         MANATT, PHELPS & PHILLIPS, LLP

7                                         By: _____
                                          Yasser M. El-Gamal
                                          Attorneys for Plaintiff
8                                         Incipio Technologies, Inc.

10  314044011.1